UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JOHN FREDRICK ROLLER )
 )
    *Petitioner*, )
 )
v. ) No. 4:10-cv-66
 ) *Mattice*
 )
TONY PARKER, Warden )
 )
    *Respondent*. )

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner John Fredrick Roller ("petitioner"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 8] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner pleaded guilty to 10 counts of felony drug charges in the Criminal Court for Warren County, Tennessee. In support of the motion to dismiss, the Attorney General has provided the court with copies of the judgments of conviction. [Court File No. 9,

Memorandum of Law in Support of Motion to Dismiss, Appendix A, Judgments of Conviction].[1] Each judgment, which was entered on September 22, 2009, stated "This case shall run concurrent to his federal sentence and any other TDOC sentences he may have." Each judgment further stated "This sentence shall be served in the custody of the Federal Bureau of Prisons."

Prior to the entry of his guilty pleas in Warren County, petitioner had been found guilty by a federal jury of being a felon in possession of a firearm. [Criminal Action No. 1:08-cr-30, Court File No. 22, Jury Verdict entered October 9, 2008 (E.D. Tenn.), *aff'd*, No. 09-5268 (6th Cir. Sept. 27, 2010)]. He was sentenced to a term of imprisonment of 84 months on February 13, 2009; the judgment was amended on July 8, 2009, to correct a clerical error. [*Id.*, Court File No. 33, Judgment; Court File No. 38, Amended Judgment].

The basis of the pending habeas corpus petition is that petitioner has not been transferred to the custody of the Federal Bureau of Prisons. Petitioner's written plea agreement on the Warren County charges, which was approved by the circuit judge and the assistant district attorney general, provided that his cases would be concurrent to his federal sentence and would be served in federal custody. [Court File No. 1, Habeas Corpus Petition, Attachment 1, Guilty Plea, p. 4].

Petitioner alleges that he is being held illegally by the State of Tennessee based upon the failure of the Tennessee Department of Correction to transfer him to federal custody in

---

[1] Copies of the Judgments of Conviction, as well as other documents including petitioner's guilty plea, are also attached as exhibits to the habeas corpus petition.

compliance with the Warren County judgments. Petitioner now claims he would not have pleaded guilty in Warren County had he known that the State would not fulfill its part of the plea bargain. Petitioner asks this court to order the TDOC to transfer him to the Federal Bureau of Prisons and/or release him from state custody. The respondent moves to dismiss on the grounds that the petition fails to state a cognizable claim for habeas relief and, in any event, is procedurally defaulted.

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984) ("Respondent can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution."). Whether the Tennessee Department of Correction has refused to comply with a state court judgment is a matter of state law and thus "is not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus.").

In any event, petitioner's claim is procedurally defaulted. The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review."). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The one-year time period for petitioner to file a state petition for post-conviction relief has expired. Tenn. Code Ann. § 40-30-102(a). Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his convictions and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S.

4

107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991)

Petitioner did file a state petition for the writ of habeas corpus, in which he alleges he raised the claim presented here; the habeas corpus petition was denied by the trial court. [Court File No. 9, Appendix B, Order]. Petitioner admits that he did not appeal the denial of his state habeas petition. By failing to pursue his claims for habeas corpus relief in the Tennessee appellate court, petitioner has procedurally defaulted his claims in this court.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and

5

Case 4:10-cv-00066-HSM-SKL   Document 10   Filed 09/16/11   Page 5 of 6   PageID #: 74

would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE